## VALIDITY OF A JOINT TOWNSHIP DITCH LEVY.

Court of Appeals for Licking County.

Elisha J. Case v. Frank Burrell et al.

Decided, March Term, 1915.

*Township Trustees—Action by Joint Boards with Reference to Establishment of a Ditch—Not Invalidated by Fact that Terms of Office of Trustees Had Expired.*

Both election and qualification are necessary in order to render a township trustee an officer in contemplation of law, and where action by a joint board on a petition for the establishment of a ditch had been set for January 1, the granting of the application and levying of the assessment at a meeting held on that day is not invalidated by the fact that the terms of office of the trustees so acting had expired the pervious midnight and their successors did not qualify for some days later, the action of the old board being that of *de jure* officers.

*Fitzsimmons, Montgomery & Black,* for plaintiff.
*Kibler & Kibler,* contra.

Shields, J.; Powell, J., and Houck, J., concur.

The sole question presented in this case, which is in this court on appeal, is whether the trustees of Hartford and Bennington townships in this county were legally constituted and acting as a legal joint board of trustees of said townships at the time of the action taken by them on January 1, 1914, upon the petition of W. W. Stockberger et al, in ordering the establishment, location and construction of the ditch in question at that time.

It appears that at a joint session of said board of said township trustees, held December 1st, 1913, further action on said petition was adjourned by said board to January 1, 1914, at — o'clock A. M., at which time a majority of said board of said township trustees made and caused to be entered on their minutes an order granting the prayer of said petition, and caused an assessment to be made for the construction thereof on certain property owners to be benefited thereby, including the property of the plaintiff.

It is claimed that this action was illegal, null and void because
the official terms of said trustees composing said joint board of
trustees had then and before that time expired, to-wit, at mid-
night on December 31, 1913.   It appears that trustees for the
term beginning January 1, 1914, had been elected in each of said
townships; and it likewise appears that the trustees elected in
and for said Hartford township did not qualify until 4 P. M. on
said January 1, 1914, and that two of the trustees elected in and
for said Bennington township did not qualify until January 5,
1914, and the other and third trustee not until January 8, 1914.

The question made by the record is:  Did the township trus-
tees of said townships continue in office as such until their suc-
cessors in office qualified, or did their terms of office expire by
limitation on December 31, 1913, at midnight?

Section 3268 of the General Code provides that:

"Three trustees shall be elected biennially in each township,
who shall hold their offices for a term of two years commencing
on the 1st day of January next after their election."

Article IV, Section 10, of the Constitution provides that:

"Township officers shall be elected by the electors of each
township at such time, in such manner and for such term, not
exceeding three years, as may be provided by law, but shall
hold their offices until their successors are elected and quali-
fied."

Section 8 of the General Code provides that:

"A person holding an office of public trust shall continue there-
in until his successor is elected or appointed, and qualified, unless
otherwise provided in the Constitution or laws."

From the foregoing it appears that both an election and quali-
fication are necessary in order to render a township trustee an
officer in contemplation of law.   But it is contended that under
Section 3268 of the General Code, township trustees are elected
for the period of two years, that their terms commence January
1st, and that such day commences at the expiration of the day

preceding, and that no fractional parts of a day are to be considered. Such is the holding in the case of *Arrowsmith* v. *Hamering*, 39 O. S., 573; but in the same case it is likewise held by the court, in discussing fractional parts of a day, that—

"'This presumption will not prevail when it is in conflict with any right required in actual points of time on that day before the act took effect. In such case the exact time in the day may be shown.''

In the case before us an official declaration had been made at the time of said adjournment requiring some official action to be taken on said January 1st, 1914, at — o'clock A. M., and the successors to what may be termed the old joint board not having qualified at that time, could not such old joint board continue to act until their successors qualified? At best, the trustees of Hartford township having qualified on January 1st, in the afternoon of said day, and the said Bennington township trustees, at least a majority of them, not having qualified until January 5th, a joint meeting of the newly elected trustees of said townships was thereby rendered impossible on January 1st, even though the beginning of the official terms of said trustees related back to midnight of December 31st.

Under the evidence presented, we think that the action of the joint board of said township trustees on January 1st, in ordering the establishment, location and construction of said ditch and making an assessment therefor, was taken by said joint board of trustees as *de jure* officers, and that such action was not unauthorized or illegal; and it follows that the temporary injunction heretofore allowed will be dissolved and the petition of the plaintiff dismissed.