The State, ex rel. Union Limestone, Inc., *v.* Bumgarner, Zoning Inspector.

(No. 279—Decided April 6, 1959.)

*Messrs. Sanders & Grigsby,* for relator.
*Mr. Robert O. Hamilton,* for respondent.

Guernsey, J.  This is an action instituted in this court for a writ of mandamus to command the respondent, as Millcreek Township Zoning Inspector, to issue a zoning certificate to permit the relator to construct a new office building and scales on premises owned by relator in Millcreek Township in Union County.  The facts are not in dispute.  It appears that at the time of the adoption of a township zoning resolution in 1957, and at all other times herein pertinent, the relator's tract of land, consisting of approximately 47 acres, was being used by relator exclusively for the mining, quarrying and processing of lime-

stone; that a county road with sixty-foot right of way ran along the south side of the tract; that the usual structures incident to such operations were located on the tract, with a number of structures, together with storage piles of stone, located in whole or in part immediately adjacent to or within 50 feet of the right of way of the county road; that relator's existing office building and scales were located more than 50 feet north of the north right-of-way line of such road; that on August 1, 1958, relator applied to respondent for a zoning certificate to construct a new office building and scales at a location within 50 feet of the north right-of-way line of such road; that on August 8, 1958, respondent denied the application "because the setback line is less than the fifty feet minimum as set up under the Millcreek Township Zoning Resolution"; and that by the terms of the zoning resolution the township is divided into a "commercial district" and a "residential district," the relator's tract being located in the "residential" district.

It also appears that when respondent refused to issue a zoning certificate the relator made application to the township board of zoning appeals under the variance provisions of the resolution for permission to construct the office building and scales, which permission the board likewise refused. However, since the board of zoning appeals is not a party respondent to this action and as relator claims it is entitled to a zoning certificate as a matter of right and not as a matter of variance, we do not consider the application for variance or the denial thereof as being in any respect pertinent to this action.

We also note that an appeal is provided by statute to the board of zoning appeals from an order of a township zoning inspector denying an application for a zoning certificate, and that for such reason consideration should be given to whether the extraordinary writ of mandamus should be refused when a remedy at law exists. However, we have concluded on the authority of State, ex rel. Cubbon, Jr., v. Winterfeld, 104 Ohio App., 260, 148 N. E. (2d), 523, of which holding we approve, that the legal remedy which was available to relator would not be adequate and should not, merely by reason of its existence, prevent the issuance of a writ of mandamus on the facts of this case.

The only issue argued by the parties is whether the relator

is entitled as a matter of right to the issuance of a zoning certificate to permit the construction of an office building and scales within 50 feet of the nearest right-of-way line of the public road by virtue of the character of the use of relator's tract of land at the time the zoning resolution was adopted. Such issue being entirely dispositive of this case we do not consider or determine the validity of the zoning resolution or of any of its terms, or whether the uses not specifically permitted therein are prohibited.

The zoning resolution purports to permit a number of specified uses of land located in the residential district, none of which specified uses include the mining, quarrying and processing of limestone. To this extent, at least, the mining, quarrying and processing of limestone by relator in the residential district constitute a nonconforming use. In the section of the zoning resolution dealing solely with the residential district it is provided that "the set back lines shall not be less than fifty (50) feet measured from the edge of right-of-way of highway." In the section of the zoning resolution dealing solely with the commercial district there is no provision as to setback lines.

In pertinent parts the zoning resolution also provides as follows:

"If at the time of enactment of this zoning resolution any lot, building, or structure was being used in any manner, character or purpose which does not conform to the provisions of the resolution, such use may continue to be made *of such lot*.
"* * *

"No excavation shall be commenced or structure started except for agricultural purposes until a zoning certificate has been obtained from the Millcreek Township Zoning Inspector.
"* * *

"For the purpose of this resolution certain terms and words herein used shall have the same meaning as defined below:
"* * *

"Lot—A parcel of land occupied or to be occupied by one building, accessory buildings and uses, and including the open spaces required under this resolution. A lot may be land so recorded on a plat of record or considered as a unit of property and described by metes and bounds * * *." (Emphasis added.)

It is apparent that the use which relator was making of the approximately 47 acres of land was nonconforming as to that area within 50 feet of the nearest right-of-way line of the road as much as it was to that area more than 50 feet from that right of way. Under the definitions contained in the zoning resolution, the entire tract of land, being a unit of property or a parcel of land occupied or to be occupied by one building, accessory buildings and uses, constituted a ''lot.''

By specific provision of the zoning resolution hereinbefore quoted, any nonconforming use of any ''lot'' at the time of the enactment of the resolution may continue to be made of such ''lot.'' *Ergo*, the nonconforming use as to the entire 47 acres may continue to be made of the entire 47 acres. The nonconforming use of the land for the mining, quarrying and processing of limestone included the erection of structures necessary or reasonably incidental thereto without reference to any setback line, and such use may continue without conforming to the setback line provided for the residential zone.

A writ of mandamus commanding the respondent to issue a zoning certificate permitting the construction of the office building and scales in the manner set forth in relator's application for same will, therefore, issue.

*Writ allowed.*

Younger, P. J., and Middleton, J., concur.